# TEXAS SUPREME COURT REPORTS.

## GALVESTON TERM, 1891.

### GEORGE G. EDLOFF ET AL. v. DE WITT MASON.

#### No. 2889.

1. **Immaterial Testimony.**—Defendant testified in explanation of a letter he had written. Witnesses were called in corroboration to testify to the facts inducing the letter. The facts were not controverted. *Held*, the testimony was properly excluded, being immaterial.

2. **Fraud and Collusion—Fact Case.**—The plaintiff sued for the value of a stock of groceries seized under attachment sued out by Edloff against Hunt. The goods had been bought by the plaintiff. The plaintiff alleged a fraudulent collusion between Edloff and Hunt in making the sale to the plaintiff. The court charged that such agreement would entitle plaintiff to recover regardless of the intent of Hunt in making the sale. See facts held insufficient to raise the question of collusion as an issue. The charge upon the issue not made in the testimony was error.

APPEAL from Gonzales. Tried below before Hon. George McCormick. A statement is given in the opinion.

*J. W. Campbell* and *Harwood & Harwood*, for appellants. —1. The court erred in excluding the testimony offered by the defendants to confirm the explanation given by G. G. Edloff, one of the defendants, in his testimony of a certain letter written by him to Peter W. Hunt, which was introduced in evidence by plaintiff for the purpose of establishing his allegation of conspiracy between Edloff and Hunt.

2. The charge of the court complained of does not correctly state the rule of law, in this, that Mason as plaintiff in this suit, if both parties were equally guilty of fraud as set forth in the hypothesis stated, could not recover against the defendant Edloff, under the well established rule of law that the court will always refuse to interfere in behalf of either party guilty of the fraud. Besides the testimony does not raise the issue submitted in the charge. Davis v. Sittig, 65 Texas, 500; Pome. Eq., sec. 940; 3 Am. and Eng. Encyc. of Law, 869.

*Fly & McNeal*, for appellee.— 1. The charge complained of [see opinion] was correct. Appellee was not a party to the fraudulent conspiracy between Edloff and Hunt. Edloff is the only complaining creditor, and according to appellee's evidence, which was before the jury, he was a purchaser in good faith for value without notice. If the jury believed ap-

pellee's theory that there was fraud and collusion between Edloff and Hunt to defraud appellee, and that appellant obtained possession of the goods thereby after they were delivered to appellee, then appellee had a right to recover, even though the transfer was fraudulent on Hunt's part, appellee not being a party to it. The pleading and evidence authorized the charge. Collins v. Cook, 40 Texas, 238; 3 Am. and Eng. Encyc. of Law, 771 and notes; 1 Story Eq., secs. 298, 300; Bish. on Cont., secs. 1202, 1210, and notes; Bige. on Fraud, 339.

2. The rule that courts will not grant relief to either party to a fraudulent or illegal contract does not apply to this case, and the charge complained of is not objectionable on that account, because appellee was not a party to the fraud on the view presented by the charge and supported by the pleading and evidence. Seeligson v. Lewis & Williams, 65 Texas, 215; De Leon v. Trevino, 49 Texas, 88; Quirk v. Thomas, 6 Mich., 76; Bige. on Fraud, 339.

HENRY, Associate Justice.—Appellee instituted this suit to recover damages.

His petition charged that he owned on the 6th day of March, 1886, and was in possession of a lot of liquors and other saloon appliances when the defendant Nugent, claiming to act by the authority of a writ of attachment issued at the instance of the defendant Edloff, in a suit in which he was plaintiff and one Hunt was the defendant, unlawfully seized and converted said property, and also expelled him from a house which he had rented from the owner and was then occupying for the purpose of selling said goods; that prior to the seizure of the property Edloff executed to Nugent, who was a constable, an indemnity bond, with the other defendants as his sureties.

The petition charges that plaintiff had a short time previous to said proceedings purchased said property from the aforesaid Hunt, who had entered into some kind of an arrangement with the defendant Edloff to fraudulently induce plaintiff to purchase said property in order that Edloff might afterwards seize it as the property of Hunt, and the two divide between themselves the purchase money paid by the plaintiff.

The defendants answered with a general denial.

The defendant Edloff pleaded that Hunt was indebted to him and insolvent, and that with full knowledge upon the part of plaintiff of his unlawful purpose Hunt conveyed to him the said property for the purpose of defrauding his creditors.

A judgment was rendered in favor of the plaintiff.

In support of his issue with regard to a combination between defendant Edloff and his debtor, Hunt, to defraud him, the evidence offered by the plaintiff was the following letter:

"GONZALES, TEXAS, 2—10th, 1886.

*"Peter Hunt, Luling, Texas:*

"DEAR FRIEND—I take pleasure in writing you, and will again ask you not to pay John E. Foster the balance you owe him, and if Mr. Hendry asks you anything about an order from me say O. K. and keep things mum and say nothing to any one.   Business is dull here.   My kind regards to you.

"Yours truly,

"G. G. EDLOFF."

Also the testimony of Edloff that he "knew Pete Hunt before he went to Luling; knew him in Gonzales; he worked for me; tended bar for awhile one time before he went to Luling."

For the purpose of explaining the letter Edloff was permitted to testify that he was being held liable to a third party for a debt which Foster had assumed the payment of but had failed to discharge, and that he was owing Hendry a debt which had been placed in the hands of attorneys for collection, and by whom he was being urged for its payment; that he knew Hunt owed Foster and he wanted him to hold Foster off and thus help him get something on the debt Foster owed him.   He testified that "this was what I meant by the words 'say O. K.   Keep mum and say nothing to any one.'"

The defendant Edloff offered two witnesses to prove that the facts stated in his explanation with regard to the existence of the debts and his being pressed to pay them were true as stated by him.

This evidence was objected to as immaterial and the objection was, we think, properly sustained.

Appellants complain of the following charges given by the court: "If you find from the facts and circumstances in this case that defendant G. G. Edloff and P. W. Hunt were in collusion, and that the sale of the saloon by Hunt to Mason was understood and arranged between them, then no matter if Hunt did make the sale with intent to hinder and delay creditors, and Mason could have learned this by using reasonable diligence, Edloff would not be justified in levying the attachment, and you should find for plaintiff for the value of the goods at the time of seizure with 8 per cent interest from said date of seizure.

"If you find from the evidence that Hunt and Edloff were intimate friends, and that Edloff knew of the proposed sale of the goods to Mason, and Hunt and Edloff concealed the fact of any indebtedness existing between Edloff and Hunt from Mason, then the attachment was illegally sued out and levied on the goods of plaintiff, and you should find for plaintiff for the value of the goods at the time of levy, together with interest at 8 per cent per annum from that time."

We are unable to see anything in the letter or in any other evidence with regard to the relations between Edloff and Hunt either requiring

explanation or having any tendency to prove plaintiff's charge of the existence of a fraudulent purpose and combination between them to induce him to purchase Hunt's property or to otherwise impose upon him.

There being no evidence to justify them, the charges should not have been given.

As we are not convinced that the verdict may not have been to some extent influenced by these charges, we think the judgment should be reversed so that there may be another trial upon other issues in the cause unaffected by those to which they relate, unless the evidence upon another trial shall be different from that contained in the record now before us.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered January 9, 1891.